UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

RAFAEL PEREZ,

    Petitioner,

v.                                                             Case No. 1:15cv261/MP/CJK

STATE OF ARIZONA, et al.,

    Respondents.
_____/

# ORDER and
# REPORT AND RECOMMENDATION

This matter is before the court on Rafael Perez's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.  (Doc. 1).  The matter is referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration, the undersigned concludes the petition is moot and should be dismissed.

## BACKGROUND

At the time Mr. Perez filed the petition, he was confined at Alachua County Jail in Gainesville, Florida.  Petitioner seeks to challenge his extradition from Florida to Arizona, claiming he successfully completed the term of probation from his Arizona sentence in 2006.  Petitioner asserts the arrest warrant from Arizona must have issued

in error and his detention pending extradition is unjustified.

## DISCUSSION

After petitioner initiated this action, the court issued an order directing petitioner to either correct the deficiencies in his motion to proceed *in forma pauperis* or submit the $5.00 habeas filing fee. (Doc. 4). The order was sent to the Alachua County Jail but returned as undeliverable with the notation "not in custody." (Doc. 7). A review of the Alachua County Jail's website indicates there are no inmates named "Rafael Perez" at the facility.[1] In addition, Maricopa County, Arizona court records indicate petitioner is currently participating in proceedings related to the alleged violation of probation.[2] Petitioner is currently in the custody of the Maricopa County Sheriff's Office.[3] Based on the foregoing, it is clear petitioner is no longer confined in Florida and is currently in Arizona.

Because petitioner is no longer in Florida, there is no case or controversy to litigate in this habeas corpus action. The court cannot offer petitioner any relief; thus,

---

[1] *See* Alachua County Jail Inmates, http://oldweb.circuit8.org/inmatelist.php (last visited January 6, 2016).

[2] *See* Judicial Branch of Arizona, Maricopa County Criminal Court Case History, https://www.superiorcourt.maricopa.gov/docket/CriminalCourtCases/caseSearch.asp, Case No. CR2002-099369 (last visited January 6, 2016).

[3] *See* Maricopa County Sheriff's Office, Rafael Perez (DOB 9/15/1959), http://www.mcso.org/JailInformation/InmateInformation.aspx, (last visited January 6, 2016).

Case No. 1:15cv261/MP/CJK

the petition is moot. *See Harden v. Pataki*, 320 F.3d 1289, 1299 (11th Cir. 2003) (*quoting Barton v. Norrod*, 106 F.3d 1289, 1298 (6th Cir. 1997)) ("'Once the fugitive is returned to the demanding state, the right to challenge extradition becomes moot: the fugitive is no longer being detained by the asylum state, and so, the legality of his or her detention there is no longer at issue.'").

Accordingly, it is ORDERED:

1. The clerk shall send a copy of this report and recommendation to: Durango Jail, Attn: Rafael Perez (Booking No. T231771), 3225 W. Gibson Lane, Phoenix, Arizona 85009.

And it is respectfully RECOMMENDED:

1. That the petition for writ of habeas corpus (doc. 1) filed pursuant to 28 U.S.C. § 2241 be DISMISSED AS MOOT.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 7th day of January, 2016.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* U.S.Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 1:15cv261/MP/CJK